```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ALABAMA
                            SOUTHERN DIVISION

AMANDA PATTERSON, etc.,           }
                                  }
      Plaintiff,                  }
                                  }      CIVIL ACTION NO.
v.                                }
                                  }      99-AR-1199-S
BRINKER ALABAMA, INC.             }
                                  }
      Defendant.                  }
                                  }
```

FILED 99 JUL 20 PM 3:38 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED JUL 20 1999

## MEMORANDUM OPINION

The court has for consideration defendant's motion to dismiss which appeared on this court's regular motion docket on July 16, 1999. Neither party requested oral argument.

It is rare that a defendant's motion to dismiss filed pursuant to Rule 12(b)(6), F.R.Civ.P., is granted. This is particularly true of cases in which a plaintiff claims race discrimination in the workplace. This may be the only case in which the undersigned has ended such a case at the 12(b)(6) stage.

The facts which lead to the conclusion that this plaintiff's complaint has no viability on the face of the complaint are simple. Plaintiff invokes only 42 U.S.C. § 1981. She is a minor who sues by her "**best** friend and father." (emphasis supplied). Her father may very well be her best friend, but the court will deem him to be her "**next** friend" for purposes of her obtaining standing to sue in

this court. Plaintiff is white. She was fired by defendant, her employer, after she initiated horseplay with a black fellow employee, who responded in kind by throwing hot water on her. He, too, was fired by defendant.

There is nothing in the complaint to suggest, much less to demonstrate, disparate treatment of the sort proscribed by § 1981. Even if the motivation of the fellow black employee could have had a racial component, there is nothing to suggest that his single act is fairly attributable to the employer under § 1981. For that matter, there is no hint that the black employee's response was racial any more than that plaintiff's motivation in "starting it" was racial. The long and the short of it is that the employer simply refused to tolerate harmful horseplay in the workplace, a restaurant, without regard to the races of the employees involved.

If this were a worker's compensation case, it would survive 12(b)(6) scrutiny, but it is a § 1981 case.

An appropriate separate order of dismissal will be entered. DONE this 20th day of July, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE